T.C. Summary Opinion 2008-63


UNITED STATES TAX COURT


JONELLE MARIE BROADY, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14675-06S.                    Filed June 5, 2008.


Jonelle M. Broady, pro se.

Veena Luthra, for respondent.


GOLDBERG, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for

the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a $3,579 deficiency in petitioner's income tax for 2003. The issues for decision are: (1) Whether petitioner operated a daycare business out of her home during the year in issue, and if so, whether she is entitled to claim certain business-related expenses, and (2) whether petitioner is entitled to claim certain tax credits (a child tax credit, an additional child tax credit, and the earned income credit (EIC)) for the year in issue.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Maryland when she filed her petition.

In 1992 petitioner and her boyfriend (the couple) moved into a rented home in Bowie, Maryland. The house was a Cape Cod-style house situated on approximately one-third acre. The house had five bedrooms, 2-1/2 bathrooms, a large living room, and a large backyard. Petitioner has four children. The couple never married.

Petitioner did not work outside of the couple's home. Petitioner's sister and her boyfriend's sister asked petitioner to provide daycare services for their children in the couple's

home.  Although petitioner did not envision starting a daycare business per se, she soon found herself the recipient of multiple inquiries for her services from neighboring parents, parents at her children's daycare and school, and parents she met while shopping in the supermarket.  On the basis of this response, and her desire to make money, petitioner decided to operate a daycare business in the couple's home.

In 2003 petitioner had at least eight children enrolled in her daycare, not including her own four children, two of whom stayed home with her during the day.  Three of the children belonged to her neighbors.  Four of the children belonged to either her sister or her boyfriend's sister.  At least one other child belonged to a parent she met while shopping.

Petitioner's daycare service operated 5 days per week, from early morning through the early evening.  Petitioner provided breakfast, lunch, and two snacks to the children in her care. The daycare activity occupied the family room, dining room, and kitchen of the couple's home.  Petitioner would sometimes take the children in her care on field trips to places such as the National Zoo in Washington, D.C.  When making such field trips, petitioner would use her vehicle, a 1985 Chevrolet Cavalier station wagon, to transport herself and the children.

Petitioner charged for her services according to the length of time that the child was in her care each day.  If the child

was in petitioner's care for the full day, the charge was $80 per week.  If the child was in petitioner's care only after school, then the charge was $60 per week.  On occasion, petitioner would negotiate a lower fee for parents whom she knew to be single parents with one income.  Petitioner accepted only cash.  The parents would pay either at the end of the week or at the end of every other week, pursuant to their pay cycle.  At the end of each calendar year, including the year in issue, petitioner would provide the parents with a dated receipt showing the total number of weeks of childcare she provided for their child(ren) and the total cost.  Petitioner included her name and full address of the child(ren) on the receipt, as well as her "Tax ID" number.  The "Tax ID" number provided on these receipts was actually petitioner's Social Security number.

Although she had taken a childcare course years before she started her service, petitioner did not have a daycare license and did not have either a business phone line or a business checking account.  When petitioner was paid in cash, she usually used the bulk of the money to purchase items for the daycare, her household, or for herself and her children.  Petitioner would deposit whatever cash was remaining after these purchases into her personal checking account.

Petitioner had a set of business cards made which advertised her daycare service, and she placed advertisements for her service in the local "Pennysaver" gazette.

Petitioner ceased her daycare service in November of 2003. Petitioner moved out of the couple's home sometime in 2004.

Petitioner prepared her timely filed 2003 Federal income tax return using TurboTax. Petitioner reported $22,070 of wage income and $7 interest and claimed the following tax credits: (1) A $593 child tax credit; (2) an additional $1,157 child tax credit; and (3) a $2,422 earned income credit.

On May 2, 2006, respondent sent petitioner a notice of deficiency wherein respondent determined a deficiency of $3,579, resulting from the disallowance of the additional child tax credit and the earned income credit on the ground that petitioner did not have income for 2003 that would entitle her to claim those credits.[1] Respondent also determined that petitioner had nonemployee compensation of $325 for 2003. Petitioner concedes that she did receive this income but failed to report it on her return.

---

[1] Form 4549, Income Tax Examination Changes, does not include the $593 child tax credit taken on petitioner's income tax return but rather lists "0.00" for the credit. As the examination determined that petitioner had adjusted gross income of $325 for the year in issue, and, accordingly, a corrected tax liability of zero for 2003, petitioner would not have been entitled to a child tax credit for that year under sec. 24(b)(3).

Petitioner timely filed her petition. Subsequently, petitioner submitted a Form 1040X, Amended U.S. Individual Income Tax Return, for 2003 to respondent. Petitioner attached a Schedule C, Profit or Loss From Business, to her amended return and reported on that schedule gross income of $27,395 for 2003. Petitioner also reported on that schedule expenses related to advertising, car and truck expenses, office expenses, repairs and maintenance, supplies, utilities, and other expenses. These expenses totaled $12,445.

Petitioner deducted: (1) Advertising expenses of $200, which included the cost of business cards that she had printed and advertisements placed in the "Pennysaver" gazette; (2) car and truck expenses of $1,295 related to mileage, insurance, and repairs for the 1985 Chevrolet Cavalier; (3) $6,500, which included the cost of office supplies such as pens and paper which she used in her daycare service; (4) repairs and maintenance expenses of $220; (5) supply expenses of $630, which included expenses related to arts and crafts supplies; (6) utility expenses of $1,780; and (7) other expenses of $1,820, which related to food costs associated with her feeding the children in her care.

## Discussion

In general, the Commissioner's determination as set forth in a notice of deficiency is presumed correct and the burden of

proof is on the taxpayer to prove otherwise.  Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Tax deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to deductions claimed on a return.  Rule 142(a)(1); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).

Under certain circumstances the burden of proof with respect to relevant factual issues may shift to the Commissioner under section 7491(a).  The burden of proof may shift to the Commissioner under section 7491(a) if the taxpayer establishes compliance with the requirements of section 7491(a)(2)(A) and (B) by substantiating items, maintaining required records, and fully cooperating with the Secretary's reasonable requests.  As discussed below, we find that petitioner has failed to substantiate her claimed expenses and maintain required records. The outcome of this case, however, will be based on the preponderance of the evidence standard and thus is unaffected by section 7491.  See Estate of Bongard v. Commissioner, 124 T.C. 95, 111 (2005).

Although respondent had not accepted petitioner's amended tax return as of the date of the trial, respondent's litigating position is that petitioner's daycare was not a business operated for profit in 2003; and that even if the Court determined that it was, petitioner has failed to substantiate both her income from that activity and the aforementioned expenses.

Section 162(a) allows deductions for all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business.  To be engaged in a trade or business within the meaning of section 162(a), an individual taxpayer must be involved in the activity with continuity, regularity, and with the primary purpose of deriving a profit. Commissioner v. Groetzinger, 480 U.S. 23, 35 (1987).  Deciding whether the taxpayer is carrying on a trade or business requires an examination of all of the facts in each case.  Id. at 36.

Although a reasonable expectation of a profit is not required, the taxpayer's profit objective must be actual and honest.  Dreicer v. Commissioner, 78 T.C. 642, 644-645 (1982), affd. without published opinion 702 F.2d 1205 (D.C. Cir. 1983); sec. 1.183-2(a), Income Tax Regs.  Whether a taxpayer has an actual and honest profit objective is a question of fact to be answered from all of the relevant facts and circumstances. Hastings v. Commissioner, T.C. Memo. 2002-310; sec. 1.183-2(a), Income Tax Regs.

On our review of the record, we conclude that petitioner operated a daycare business in the couple's home during 2003 with continuity, regularity, and with the primary purpose of making a profit.  Petitioner watched at least eight children each weekday in her home from January through November of 2003.  Although she did not hold a license or have a separate phone line for her

business, we are convinced that she operated her daycare service in a reasonable manner as compared to other similar home-based daycare services. That is, while we do not condone petitioner's lack of a license, we are convinced from her testimony that she did in fact provide daycare services each weekday for 11 months of 2003 and that her stated goal ("to make money for [the couple's] household") adequately satisfies the profit motive requirement. In fact, petitioner's amended return shows a $14,950 profit for 2003. Therefore, we are satisfied that petitioner operated a business within the meaning of section 162(a) for the year in issue.

We are further convinced that petitioner received $17,950 in income from her business for 2003 as evidenced by an adding machine tape received into evidence by the Court and her credible testimony that the tape reflected amounts she received. On the basis of the entire record, we believe that the figures on the adding machine tape represent the most accurate record of the amounts that petitioner actually received for her daycare services for 2003.

Petitioner did provide copies of receipts akin to those that she provided to parents at the end of 2003 for daycare services rendered in that year. These were not, however, actual copies of those receipts. Petitioner compiled these receipts for trial from her recollection of records she maintained at the couple's

home, which she no longer had access to. Each one of these receipts notes the name(s) and addresses of the child(ren) during 2003 as well as the addresses of the child(ren) as of the date of trial. While we view these receipts as support for petitioner's testimony that she did, in fact, have at least eight children enrolled in her daycare for 2003, we are not confident that the total charges reflected after adding up these receipts ($22,190) represent petitioner's income from her daycare for 2003.

Petitioner has failed to substantiate any of the Schedule C expenses for her daycare for 2003. The scant evidence she provided consisted only of copies of her checking account statements for 2003 and canceled checks made payable to Baltimore Gas & Electric. The only testimony offered was with respect to petitioner's advertising costs, car and truck expenses, supplies, and other expenses. Petitioner testified as to having printed business cards and placing advertisements in the "Pennysaver" gazette, using her car for occasional field trips with the children, buying arts and crafts supplies, and feeding the children at least two meals and two snacks each day. Petitioner did not, however, provide any records or receipts to substantiate any of these expenses, copies of her business cards, or copies of the advertisements, and she did not introduce any evidence on which we may estimate the amounts that she paid for such expenses during 2003. On the record before us, we conclude that it would

be inappropriate for us to estimate that amount.  Cf. <u>Cohan v. Commissioner</u>, 39 F.2d 540 (2d Cir. 1930).

Finally, and with respect to petitioner's entitlement to certain tax credits (a child tax credit, an additional child tax credit, and the EIC), respondent disallowed these credits on the basis of his determination that petitioner had adjusted gross income of $325, and no tax liability, for 2003.  An eligible individual is entitled to an EIC against the individual's income tax liability, subject to certain requirements.  Sec. 32(a)(1).  Different percentages and amounts are used to calculate the credit depending on whether the eligible individual has no qualifying children, one qualifying child, or two or more qualifying children.  Sec. 32(b).  To be eligible to claim an EIC with respect to a "qualifying child", a taxpayer must establish, inter alia, that the child bears one of the defined relationships to the taxpayer specified in section 32(c)(3)(B).  Under section 24(a) and (c) a taxpayer may be entitled to a child tax credit with respect to each qualifying child under the age of 17 as described in section 32(c)(3)(B).

Respondent does not dispute that petitioner had two qualifying children for which she would be entitled to an EIC and/or a child tax credit.  Respondent's disallowance is based solely on petitioner's income for 2003.  Respondent determined that petitioner had only $325 in income for the year in issue.

We have concluded that petitioner had $17,950 in gross receipts for 2003 from her daycare business, but she is not entitled to claim expense deductions for any of the amounts reported on Schedule C of the amended income tax return as they have not been substantiated.  Accordingly, and to whatever extent therefore allowable under sections 24 and 32, respectively, petitioner is entitled to an EIC, a child tax credit, and an additional child tax credit for 2003.

In the light of our conclusion that petitioner had $17,950 in income from her daycare business for 2003 (in addition to the $325 in nonemployee compensation that she received for that year), petitioner's correct tax liability must be computed so as to determine whether petitioner is entitled to a child tax credit, an additional child tax credit, and an EIC for the year in issue.

To take account of the necessary recomputation of petitioner's correct tax liability for 2003,

Decision will be entered

under Rule 155.